## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION - DETROIT

IN RE:

Olivia McMahan,

DEBTOR.

_____/

CHAPTER 13
CASE NO. 22-40465-MLO
JUDGE MARIA L. OXHOLM

## TRUSTEE'S OBJECTION TO CONFIRMATION OF THE
## FIRST MODIFIED, PRE-CONFIRMATION CHAPTER 13 PLAN

**NOW COMES** the Chapter 13 Standing Trustee in this matter, David Wm. Ruskin, and objects to confirmation of the debtor's First Modified, Pre-Confirmation Chapter 13 Plan, and in support thereof states as follows:

1.      The Plan does not comply with 11 U.S.C. §1308(a). The Department of the Treasury - Internal Revenue Service has filed a Proof of Claim indicating that Debtor has not filed tax returns for 2020.

2.      The amount of the proposed funding in the Plan is not sufficient to pay all claims as proposed in the Plan (the Plan is underfunded). Therefore, the Plan does not provide for the submission of sufficient future earnings or future income for the execution of the Plan as required by 11 U.S.C. §1322(a)(1).

3.      Debtor's pay stubs dated December 24, 2021, January 7, 2022, and January 21, 2022, discloses year-to-date gross income in the amount of $3,577.69, which constitutes monthly net income in the average amount of $2,283.55. Schedule I overstates the monthly net income by approximately $152.46. The Plan does not comply with 11 U.S.C. §1325(b)(1)(B) and 11 U.S.C. §1325(a)(3).

4.      Debtor's paystubs provided to the Trustee indicate that the Debtor has voluntary deductions of $278.00 per month.  The Debtor testified at the First Meeting of Creditors that the $278.00 per month voluntary deduction is no longer taken out of Debtor's pay.  As such, the Trustee requires the Debtor to provide additional paystubs so that the Trustee may verify that the voluntary deductions are no longer being taken out of Debtor's paystubs and so that the Plan can comply with 11 U.S.C. §1325.

**WHEREFORE,** the Chapter 13 Standing Trustee requests this Honorable Court deny confirmation of the debtor's Chapter 13 Plan unless modified to meet these objections or, in the Court's discretion, dismiss the Chapter 13 Case pursuant to 11 U.S.C. §1307(c) or, provide such other relief as this Court deems appropriate.

OFFICE OF DAVID WM. RUSKIN,
STANDING CHAPTER 13 TRUSTEE

Dated: March 23, 2022     By: ___/s/ John P. Kapitan___
                          DAVID Wm. RUSKIN (P26803), Trustee
                          LISA K. MULLEN (P55478), Staff Attorney
                          JOHN P. KAPITAN (P61901), Staff Attorney
                          1100 Travelers Tower, 26555 Evergreen Road
                          Southfield, MI  48076-4251
                          (248) 352-7755

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION - DETROIT

**IN RE:**

|  |  |
|---|---|
| | CHAPTER 13 |
| Olivia McMahan, | CASE NO. 22-40465-MLO |
| DEBTOR. | JUDGE MARIA L. OXHOLM |

_____/

## CERTIFICATE OF SERVICE OF TRUSTEE'S OBJECTION TO CONFIRMATION OF THE DEBTOR'S FIRST MODIFIED, PRE-CONFIRMATION CHAPTER 13 PLAN

I hereby certify that on March 23, 2022, I electronically filed the Trustee's Objection to Confirmation of the debtor's First Modified, Pre-Confirmation Chapter 13 Plan with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

The following parties were served electronically:

> FREGO & ASSOCIATES - THE BANKRUPTCY LAW OFFICE
> 23843 JOY ROAD
> DEARBORN HEIGHTS, MI 48127-0000

The following parties were served via First Class Mail at the addresses below by depositing same in a United States Postal Box with the lawful amount of postage affixed thereto:

> Olivia McMahan
> 8498 Renee St.
> Newport, MI 48166-9485

> _____/s/ Vanessa Wild_____
> Vanessa Wild
> For the Office of David Wm. Ruskin
> Chapter 13 Standing Trustee-Detroit
> 1100 Travelers Tower
> 26555 Evergreen Road
> Southfield, MI 48076-4251
> (248) 352-7755